AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
District of Puerto Rico

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | (For **Revocation** of Probation or Supervised Release) |
| Jonathan ROSARIO-HERNANDEZ (1) | ) | Case No. 3:16-cr-00781-01 (JAG) |
| | ) | USM No. 49770-069 |
| | ) | AFPD Victor M. Chico-Luna |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   See below   of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory Condition | Defendant failed comply by not commiting another federal, state or local crime. | 06/28/2024 |
| Mandatory Condition | Defendant failed to refrain from using unlawful controlled substance and submit to one drug test within 15 days of release and at least two periodic drug tests thereafter. | 06/28/2024 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _____

Defendant's Year of Birth: _____

City and State of Defendant's Residence: _____

09/06/2024
Date of Imposition of Judgment

/S/ JAY A. GARCIA-GREGORY
Signature of Judge

Hon. Jay A. Garcia-Gregory, Senior U.S. District Judge
Name and Title of Judge

09/06/2024
Date

Judgment — Page 2 of 5

DEFENDANT: Jonathan ROSARIO-HERNANDEZ (1)
CASE NUMBER: 3:16-cr-00781-01 (JAG)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
   Three (3) months and three (3) days.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court ordered BOP to undertake mental and physical evaluation and give prescribed medications if necessary.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: Jonathan ROSARIO-HERNANDEZ (1)
CASE NUMBER: 3:16-cr-00781-01 (JAG)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Six (6) months under the same conditions originally imposed, except for special condition No. 5, and with two (2) special conditions added in open court.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Jonathan ROSARIO-HERNANDEZ (1)
CASE NUMBER: 3:16-cr-00781-01 (JAG)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 3D — Supervised Release

Judgment—Page 5 of 5

DEFENDANT: Jonathan ROSARIO-HERNANDEZ (1)
CASE NUMBER: 3:16-cr-00781-01 (JAG)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall continue under the same conditions originally imposed on him, which are the following:

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.
2. The defendant shall not unlawfully possess controlled substances.
3. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.
4. The defendant shall participate in an approved substance abuse monitoring and/or treatment services program. The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within fifteen (15) days of release; thereafter, submit to random drug testing, no less than three (3) samples during the supervision period and not to exceed 104 samples per year accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the Probation Officer based on the ability to pay or availability of third party payment.
5. Condition No. 5 was eliminated.
6. The defendant shall cooperate with child support enforcement authorities and/or pay child support as required by Law.
7. The defendant shall perform one hundred fifty (150) hours of unpaid community service work during the supervision period at a private non-profit or public facility to be selected and under such arrangements as the Probation Officer of the court may determine.
8. The defendant shall participate in a program or course of study aimed at improving educational level and/or complete a vocational training program. In the alternative, he shall participate in a job placement program recommended by the Probation Officer.
9. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.
10. The defendant shall submit his person, property, house, vehicle, papers, computers (as defined in Title 18 U.S.C. Section 1030(e)(1)), other electronic communication or data storage devices, and media, to a search conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
11. The defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(A)(9).

The following ADDITIONAL special conditions are now included:

1. The defendant shall participate in an approved mental health treatment program for evaluation or treatment. If treatment is deemed necessary, it will be arranged by the USPO in consultation with treatment provider; the modality, duration and intensity of treatment will be based on the risks and needs identified. The treatment will permit flexible movement along the continuum of care (Outpatient, intensive, outpatient, residential, and hospitalization) provide for timely intervention in response to offender progress or regression. If medication is ordered by the physician, the defendant must comply with the medication regime. The defendant will contribute to the costs of those services, based on his ability to pay or the availability of payments by third parties.
2. The defendant shall participate in a residential reentry center (halfway house) for a period of six (6) months. He is NOT required to pay the cost of his stay at said center as established by the Federal Bureau of Prisons, based on his financial status. He shall be placed in the correctional component of the center and will be allowed to leave for employment purposes, treatment, vocational training, or GED program, and/or religious services.